## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOEL ANTONIO TORRES | : CIVIL ACTION – LAW |
| 1831 Spring Ridge Lane | : NO.: |
| Lancaster, PA 17603 | : |
| | : |
| Plaintiff, | : *Electronically Filed* |
| | : |
| vs. | : |
| | : |
| MR. DENT, INC. | : JURY TRIAL OF 12 DEMANDED |
| 971 Park Hill Drive | : |
| Manheim, PA 17545 | : |
| | : |
| Defendant. | : |

## <u>COMPLAINT</u>

## <u>JURISDICTION AND VENUE</u>

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 as the action arises under Title VII, 42 U.S.C. §2000e, *et seq*. and 42 U.S.C. §1981.

2.      Plaintiff Noel Antonio Torres' EEOC Notice of Right to Sue letter was issued August 28, 2025 and is attached as Exhibit A. This Complaint was filed within 90 days of receipt of this Notice.  Plaintiff cross-filed his matter under the Pennsylvania Human Relations Act, 43 Pa.C.S. §951, *et seq*., with the Pennsylvania Human Relations Commission and it has been more than one year since that cross-filing, and thus Plaintiff seeks the Court to deem this action filed.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because they are so related to the federal claims that they form part of the same case.

3.      Venue is proper in the Eastern District of Pennsylvania because at the time of the incidents in question, Plaintiff Noel Antonio Torres lived in Lancaster County, the incidents in question occurred in Lancaster County, and Defendant employed Plaintiff in Lancaster County.

**PARTIES**

4.      Plaintiff Noel Antonio Torres (hereinafter "Plaintiff") is an adult male, residing in Lancaster County at 1831 Spring Ridge Lane, Lancaster, PA 17603.

5.      Defendant Mr. Dent, Inc. (hereinafter "Defendant") is a domestic business corporation with its principal and registered office located at 971 Park Hill Drive, Manheim, PA 17545. Defendant employed Plaintiff at a contracted site, Oceanside Recon Inc., located across the street from Defendant, as well as at remote locations.

**FACTUAL ALLEGATIONS**

6.      Plaintiff Noel Antonio Torres' race is Hispanic and African-American, and his color is brown.

7.      Plaintiff has been discriminated against by Defendant because of race and color.

8.      Plaintiff has been retaliated against by Defendant because of Plaintiff's complaints of discrimination.

9.     Plaintiff was laid off by Defendant on July 11, 2023, after reporting racial remarks in the workplace by another manager and the layoff was under pretext that the work was slowing down and Defendant did not have work for Plaintiff.

10.     Plaintiff was hired by Defendant in July of 2020 as a Mobile Wheel Technician. This entailed Plaintiff working several days a week at a contracted site, Oceanside Recon Inc. (hereinafter "Oceanside"), located across the street from Defendant, as well as working at remote locations on other days as a Mobile Wheel Technician.

11.     While working at the contracted site, Oceanside, Plaintiff's manager/crew leader was Randy Long, who also worked for Defendant at the Oceanside location.

12.     Manager/crew leader Long made racist and snarky comments directed toward Plaintiff, including the n….r word, beginning the first day that Plaintiff met him.

13.     The first day they met, Mr. Long asked Plaintiff, "So, what are you?" (referring to Plaintiff's race/ethnicity).

14.     Over the course of his working with Mr. Long, Mr. Long called Plaintiff the "N" word many times, thus creating a toxic environment for Plaintiff.

15.     Manager/crew leader Long's skill set/experience was lacking in certain areas, such as painting, compared to Plaintiff.

16.     On or about June 28, 2023, Mr. Long became angry with Plaintiff regarding his work. Mr. Long was falling behind in his tasks to be completed, and took it out on Plaintiff.

17.     Mr. Long told Plaintiff that if he did not like how Mr. Long was leading that Plaintiff could leave.

18.     Plaintiff immediately went across the street to Defendant and spoke with Defendant's Human Resource Representative, and sister of the owner, Stephanie Morrison.

19.     As Plaintiff was walking across the street, Plaintiff called Owner Jason Morrison regarding the incident. Mr. Morrison did not pick up the phone, so Plaintiff texted Mr. Morrison that he had a problem and asked him to give him a call.

20.     Plaintiff filed a complaint with HR Representative Morrison, informing her of the racist remarks made by manager/crew leader, Randy, thus creating a toxic work environment.

21.     HR Representative Morrison told Plaintiff she was shocked and did not realize this was occurring.

22.     Owner Jason Morrison told Plaintiff that he would take off everything and that Plaintiff could go home and take the rest of the day off.

23.     On Thursday, June 29th, Plaintiff had a meeting at an airplane hangar in Pottstown with Defendant's owner, Jason Morrison.

24.    During this meeting Mr. Morrison promised Plaintiff more work on the road so Plaintiff would not have to deal with Randy Long at the Oceanside site. In addition, during this meeting, Mr. Morrison denied Randy Long was the "manager" and just said he was the "person in charge over there".

25.    Plaintiff had the impression that the meeting with Owner Jason Morrison went well.

26.    On June 30, 2023, when Plaintiff returned to work he was informed by manager/crew leader Randy Long that he was not allowed to paint.

27.    Plaintiff was given the 'cold shoulder' and basically not allowed to do any work. This continued when he was working at the trailer Wednesday July 5th through July 7th.

28.    Following the meeting, beginning Monday July 10, 2023, a series of exchange of texts were exchanged over several days, between Plaintiff and Defendant's owner, Mr. Morrison.

29.    The text exchanges began with Owner Jason Morrison telling Plaintiff that work was 'slow' and 'to take off'.

30.    On Tuesday, July 11, 2023, while Plaintiff was at work, Owner Jason Morrison texted him and told him to "head out for the day."

31.    Plaintiff attempted to tell Owner Morrison that he and other coworkers were in the middle of a 'second set' and that Plaintiff actually had work to complete,

however Mr. Morrison claimed that it was not enough work and Plaintiff was to go home.

32.    Over the span of the next several days, Owner Jason Morrison told Plaintiff via text on several occasions that he would call him so they could talk.

33.    Mr. Morrison never followed through with calling Plaintiff.

34.    Plaintiff attempted to call Mr. Morrison, however Mr. Morrison did not pick up the call.

35.    During the evening on July 12, 2023, two days after the initial text, Owner Jason Morrison replied to Plaintiff's text from earlier that afternoon to tell Plaintiff that, "It'll be better for you to be laid off so you can collect unemployment."

36.    Plaintiff immediately replied via text to Mr. Morrison asking him if they could talk.

37.    Mr. Morrison replied to Plaintiff via text, "Absolutely. Let's talk at 1pm tomorrow."

38.    Plaintiff never received a call from Mr. Morrison, nor did he answer when Plaintiff attempted to call him.

39.    Plaintiff texted the following to Mr. Morrison, "Why does this whole thing feel like retaliation for the racial discrimination complaint I made with you and Stephanie about Randy…?"

40.    Plaintiff pointed out to Mr. Morrison in the same text that Mr. Long had been given no write-up, suspension, or other type of discipline for his racially discriminatory comments toward Plaintiff.

41.    Owner Jason Morrison responded to Plaintiff via text later that evening stating various pretextual reasons for laying off Plaintiff. Mr. Morrison stated that Plaintiff's complaint had "been taken very seriously and is being investigated."

42.    Plaintiff was never called back to work.

43.    Plaintiff Noel Antonio Torres experienced a hostile work environment and was discriminated against by Defendant, Defendant's managers, human resource personnel and other employees.

44.    Plaintiff Noel Antonio Torres maintains that Defendant laid him off for a pretextual reason(s) in retaliation for Plaintiff filing a racial discrimination complaint with Human Resources.

45.    Defendant laid off Plaintiff Noel Antonio Torres as a result of race and color discrimination and/or to retaliate against him for protected activity.

46.    Plaintiff Noel Antonio Torres was retaliated against and laid off by Defendant in retaliation for Plaintiff filing a racial discrimination complaint with Human Resources.

47.    Defendant acted with malice or reckless indifference to Plaintiff's federally-protected rights.

48. Plaintiff has sustained damages as a result of the termination and retaliation, including lost wages, pain, suffering, and humiliation.

49. Defendant's activity herein was not done pursuant to good-faith practices in anti-discrimination requiring Kolstad liability.

50. No similarly-situated members of other protected classes were treated in this fashion.

51. At the time of his termination, Plaintiff was earning $15/hour plus a commission of 50% while on the road and a commission of approximately 32-36% while working at the trailer.

52. Plaintiff has mitigated his damages.

53. Plaintiff's counsel has incurred attorney's fees and costs which are recoverable under Title VII, Section 1981, and the PHRA.

54. Defendant acted with the requisite mental state for punitive damages, intentionally, wantonly, willfully or in reckless disregard of federal law.

55. Plaintiff experienced humiliation, embarrassment, and emotional distress as a result of Defendant's conduct.

56. Defendant's management and Human Resource officials aided and abetted discrimination by Defendant under the PHRA by the aforesaid conduct.

57. Plaintiff sustained damages as a result of Defendant's conduct, including lost compensation and benefits (including medical benefits, 401K and life insurance contributions, and other benefits) and actual monetary losses, compensatory damages,

liquidated damages, attorney's fees, costs and witness fees, and is entitled to equitable relief, including reinstatement, and an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009).

58.     There is a causal link between the adverse actions and the employment actions herein.

## COUNT I
## NOEL ANTONIO TORRES v. MR. DENT, INC.
## VIOLATION OF TITLE VII – RACE DISCRIMINATION
## HOSTILE WORK ENVIRONMENT

59.     Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

60.     Plaintiff is in a protected class because of his race, Hispanic and African American.

61.     Plaintiff suffered intentional discrimination because of his race.

62.     Defendant's discrimination against Plaintiff was severe or pervasive.

63.     Defendant's discrimination detrimentally affected Plaintiff.

64.     Defendant's discrimination would have detrimentally affected a reasonable person in like circumstances.

65.     Respondeat superior exists under the facts alleged.

66.     Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT II
## NOEL ANTONIO TORRES v. MR. DENT, INC.
## VIOLATION OF TITLE VII – COLOR DISCRIMINATION
## <u>HOSTILE WORK ENVIRONMENT</u>

67.     Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

68.     Plaintiff is in a protected class because of his color, brown.

69.     Plaintiff suffered intentional discrimination because of his color.

70.     Defendant's discrimination against Plaintiff was severe or pervasive.

71.     Defendant's discrimination detrimentally affected Plaintiff.

72.     Defendant's discrimination would have detrimentally affected a reasonable person in like circumstances.

73.     Respondeat superior exists under the facts alleged.

74.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT III
## NOEL ANTONIO TORRES v. MR. DENT, INC.
## <u>VIOLATION OF TITLE VII – RACE DISCRIMINATION</u>

75.    Plaintiff incorporates the foregoing paragraphs as if set forth herein.

76.    Plaintiff is in a protected class because of race, Hispanic and African American.

77.    Plaintiff suffered adverse employment action(s) because of his race by Defendant.

78.    There is a causal connection between the adverse employment action sustained by Plaintiff and his membership in a protected class.

79.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT IV
## NOEL ANTONIO TORRES v. MR. DENT, INC.
## <u>VIOLATION OF TITLE VII – COLOR DISCRIMINATION</u>

80.    Plaintiff incorporates the foregoing paragraphs as if set forth herein.

81.    Plaintiff is in a protected class because of color, brown.

82.    Plaintiff suffered adverse employment action(s) because of his color by Defendant.

83.    There is a causal connection between the adverse employment action sustained by Plaintiff and his membership in a protected class.

84.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the

employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT V
## NOEL ANTONIO TORRES v. MR. DENT, INC.
## VIOLATION OF TITLE VII – RACE
## <u>RETALIATION</u>

85.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

86.    Plaintiff is in a protected class because of his race, Hispanic and African American.

87.    Plaintiff suffered adverse employment action(s) because he reported racial discrimination.

88.    Plaintiff suffered adverse employment actions(s) because he opposed discrimination.

89.    Plaintiff had a good-faith, reasonable belief that his conduct was protected activity.

90.    There is a causal connection between the adverse employment action sustained by Plaintiff and his protected activity herein.

91.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT VI
## NOEL ANTONIO TORRES v. MR. DENT, INC.
## VIOLATION OF TITLE VII – COLOR
## <u>RETALIATION</u>

92.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

93.    Plaintiff is in a protected class because of his color, brown.

94.    Plaintiff suffered adverse employment action(s) because he reported discrimination.

95.     Plaintiff suffered adverse employment actions(s) because he opposed discrimination.

96.    Plaintiff had a good-faith, reasonable belief that his conduct was protected activity.

97.    There is a causal connection between the adverse employment action sustained by Plaintiff and his protected activity herein.

98.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

**COUNT VII**
**NOEL ANTONIO TORRES v. MR. DENT, INC.**
**VIOLATION OF SECTION 1981 – RACE DISCRIMINATION**
**HOSTILE WORK ENVIRONMENT**

99.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

100.    Plaintiff is in a protected class because of his race, Hispanic and African American.

101.    Plaintiff suffered intentional discrimination because of his race.

102.    Defendant's discrimination against Plaintiff was severe or pervasive.

103.    Defendant's discrimination detrimentally affected Plaintiff.

104.    Defendant's discrimination would have detrimentally affected a reasonable person in like circumstances.

105.    Respondeat superior exists under the facts alleged.

106.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

**COUNT VIII**
**NOEL ANTONIO TORRES v. MR. DENT, INC.**
**VIOLATION OF SECTION 1981 – COLOR DISCRIMINATION**
**<u>HOSTILE WORK ENVIRONMENT</u>**

107.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

108.    Plaintiff is in a protected class because of his color, brown.

109.    Plaintiff suffered intentional discrimination because of his color.

16

110.   Defendant's discrimination against Plaintiff was severe or pervasive.

111.   Defendant's discrimination detrimentally affected Plaintiff.

112.   Defendant's discrimination would have detrimentally affected a reasonable person in like circumstances.

113.   Respondeat superior exists under the facts alleged.

114.   Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

**COUNT IX**

**NOEL ANTONIO TORRES v. MR. DENT, INC.**

**<u>VIOLATION OF SECTION 1981 – RACE DISCRIMINATION</u>**

115.   Plaintiff incorporates the foregoing paragraphs as if set forth herein.

116.   Plaintiff is in a protected class because of race, Hispanic and African American.

117.   Plaintiff suffered adverse employment action(s) because of his race by Defendant.

118.   There is a causal connection between the adverse employment action sustained by Plaintiff and his membership in a protected class.

119.   Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT X
## NOEL ANTONIO TORRES v. MR. DENT, INC.
## <u>VIOLATION OF SECTION 1981 – COLOR DISCRIMINATION</u>

120.   Plaintiff incorporates the foregoing paragraphs as if set forth herein.

121.   Plaintiff is in a protected class because of color, brown.

122.   Plaintiff suffered adverse employment action(s) because of his color by Defendant.

123.   There is a causal connection between the adverse employment action sustained by Plaintiff and his membership in a protected class.

124.   Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

**COUNT XI**

**NOEL ANTONIO TORRES v. MR. DENT, INC.**

**VIOLATION OF SECTION 1981 – RACE**

**<u>RETALIATION</u>**

125.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

126.    Plaintiff is in a protected class because of his race, Hispanic and African American.

127.    Plaintiff suffered adverse employment action(s) because he reported racial discrimination.

128.     Plaintiff suffered adverse employment actions(s) because he opposed discrimination.

129.    Plaintiff had a good-faith, reasonable belief that his conduct was protected activity.

130.    There is a causal connection between the adverse employment action sustained by Plaintiff and his protected activity herein.

131.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

# COUNT XII
## NOEL ANTONIO TORRES v. MR. DENT, INC.
## VIOLATION OF SECTION 1981 – COLOR
## <u>RETALIATION</u>

132.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

133.    Plaintiff is in a protected class because of his color, brown.

134.    Plaintiff suffered adverse employment action(s) because he reported discrimination.

135.    Plaintiff suffered adverse employment actions(s) because he opposed discrimination.

136.    Plaintiff had a good-faith, reasonable belief that his conduct was protected activity.

137.    There is a causal connection between the adverse employment action sustained by Plaintiff and his protected activity herein.

138.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT XIII

### NOEL ANTONIO TORRES v. MR. DENT, INC.
### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT – RACE DISCRIMINATION
### <u>HOSTILE WORK ENVIRONMENT</u>

139.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

140.   Plaintiff is in a protected class because of his race, Hispanic and African American.

141.   Plaintiff suffered intentional discrimination because of his race.

142.   Defendant's discrimination against Plaintiff was severe or pervasive.

143.   Defendant's discrimination detrimentally affected Plaintiff.

144.   Defendant's discrimination would have detrimentally affected a reasonable person in like circumstances.

145.   Respondeat superior exists under the facts alleged.

146.   Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT XIV

## NOEL ANTONIO TORRES v. MR. DENT, INC.

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT – COLOR DISCRIMINATION

## <u>HOSTILE WORK ENVIRONMENT</u>

147.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

148.    Plaintiff is in a protected class because of his color, brown.

149.    Plaintiff suffered intentional discrimination because of his color.

150.    Defendant's discrimination against Plaintiff was severe or pervasive.

151.    Defendant's discrimination detrimentally affected Plaintiff.

152.    Defendant's discrimination would have detrimentally affected a reasonable person in like circumstances.

153.    Respondeat superior exists under the facts alleged.

154.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT XV

## NOEL ANTONIO TORRES v. MR. DENT, INC.

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT – <u>RACE DISCRIMINATION</u>

155.    Plaintiff incorporates the foregoing paragraphs as if set forth herein.

156.    Plaintiff is in a protected class because of race, Hispanic and African American.

157.    Plaintiff suffered adverse employment action(s) because of his race by Defendant.

158.    There is a causal connection between the adverse employment action sustained by Plaintiff and his membership in a protected class.

159.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT XVI

## NOEL ANTONIO TORRES v. MR. DENT, INC.

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT – <u>COLOR DISCRIMINATION</u>

160.    Plaintiff incorporates the foregoing paragraphs as if set forth herein.

161.    Plaintiff is in a protected class because of his color, brown.

162.    Plaintiff suffered adverse employment action(s) because of his color by Defendant.

163.    There is a causal connection between the adverse employment action sustained by Plaintiff and his membership in a protected class.

164.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT XVII

## NOEL ANTONIO TORRES v. MR. DENT, INC.

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT – RACE

## **RETALIATION**

165.   Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

166.   Plaintiff is in a protected class because of his race, Hispanic and African American.

167.   Plaintiff suffered adverse employment action(s) because he reported racial discrimination.

168.    Plaintiff suffered adverse employment actions(s) because he opposed discrimination.

169.   Plaintiff had a good-faith, reasonable belief that his conduct was protected activity.

170.   There is a causal connection between the adverse employment action sustained by Plaintiff and his protected activity herein.

171.   Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain,

suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's <u>Eshelman</u> doctrine.

## COUNT XVIII
## NOEL ANTONIO TORRES v. MR. DENT, INC.
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT – COLOR
## <u>RETALIATION</u>

172.    Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

173.    Plaintiff is in a protected class because of his color, brown.

174.    Plaintiff suffered adverse employment action(s) because he reported discrimination.

175.     Plaintiff suffered adverse employment actions(s) because he opposed discrimination.

176.    Plaintiff had a good-faith, reasonable belief that his conduct was protected activity.

177.    There is a causal connection between the adverse employment action sustained by Plaintiff and his protected activity herein.

178.    Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (6) interest; and (7) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

Respectfully submitted,


Date:  November 20, 2025                    BY:   /s/ Edward C. Sweeney
                                                  Edward C. Sweeney, Esquire
                                                  *Attorney for Plaintiff*
                                                  I.D. No.  64565
                                                  Wusinich, Sweeney & Ryan, LLC
                                                  102 Pickering Way, Suite 403
                                                  Exton, PA  19341
                                                  (610) 594-1600
                                                  Validation of signature code: ECS1942

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website:  www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/28/2025

**To:** Mr. Noel A. Torres
1831 Spring Ridge Lane
Lancaster, PA 17603
Charge No: 530-2024-01989

EEOC Representative and email:    Legal Unit
(267) 589-9707

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2024-01989

On behalf of the Commission,

Digitally Signed By:Karen McDonough
08/28/2025

Karen McDonough
Deputy Director

**Cc:**
Jason B Morrison
971 Park Hill Dr
Manheim, PA 17545

Stephanie L Morrison
971 Park Hill Dr
Manheim, PA 17545

Barry A Kronthal
Margolis edelstein
214 SENATE AVE STE 402
Camp Hill, PA 17011

Edward C Sweeney
Wusinich, Sweeney & Ryan, LLC
102 Pickering Way  Suite 403
Exton, PA 19341


Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at
https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 530-2024-01989 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 530-2024-01989 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.